UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-60328-CIV-COHN/SELTZER

BASF CORPORATION,

        Plaintiff,

vs.

COLLISION ONE, INC.,

        Defendant.
_____/

## ORDER GRANTING IN PART PLAINTIFF'S VERIFIED MOTION FOR ATTORNEYS' FEES AND COSTS

**THIS CAUSE** is before the Court on Plaintiff's Verified Motion for Attorneys' Fees and Costs [DE 40] ("Motion"). The Court has considered the Motion, the record in this case, and is otherwise advised in the premises. Defendant did not file a response in opposition to the Motion.

### I. ATTORNEYS' FEES

**A. Entitlement to Fees**

Plaintiff seeks fees in connection with its efforts to enforce the Settlement Agreement between the parties. Paragraph 13 of the Settlement Agreement provides that with respect any proceeding or action arising out of the Settlement Agreement, "the party prevailing in such action or proceeding shall be entitled to recover from the other party the prevailing party's reasonable attorneys' fees, all costs and litigation related expenses . . . ." DE 34-2 ¶ 13. Here, Plaintiff brought a successful motion to enforce the Settlement Agreement and, therefore, qualifies as a prevailing party entitled to fees and costs. See Order Granting Motion to Enforce Settlement Agreement [DE 39].

**B. Calculation of Attorneys' Fees**

A reasonable award for attorneys' fees is calculated using the lodestar method, which requires the Court to multiply the reasonable hours expended by a reasonable hourly rate. See Hensley v. Eckerhart, 461 U.S. 424, 433 (1983); Norman v. Housing Auth. of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988); Cuban Museum of Arts & Culture, Inc. v. City of Miami, 771 F. Supp. 1190, 1191 (S.D. Fla. 1991). The fee applicant bears the burden of establishing entitlement to the award and documenting the appropriate hours and hourly rates. ACLU v. Barnes, 168 F.3d 423 (11th Cir. 1999). In determining what is a "reasonable" hourly rate and what number of compensable hours is "reasonable," a court may consider the 12 factors enumerated in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974). See Farley v. Nationwide Mut. Ins. Co., 197 F.3d 1322, 1340 (11th Cir. 1999).[1] In addition, a district court is "empowered to exercise discretion in determining whether an award is to be made and if so its reasonableness." Cullens v. Georgia Dept. of Transp., 29 F.3d 1489, 1492-93 (11th Cir. 1994).

   1. *Reasonable Hourly Rate*

The first step in calculating the lodestar amount involves determining the reasonable hourly rate. "A reasonable hourly rate is the prevailing market rate in the

---

[1] Those factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. Johnson, 488 F.2d at 717-719.

relevant legal community for similar services, by lawyers of reasonably comparable skills, experience, and reputation." Norman, 836 F.2d at 1299. The applicant bears the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates. Id.

The Motion seeks reimbursement for the fees incurred by Plaintiff's local counsel Rumberger, Kirk & Caldwell, P.A. ("Rumberger") and those incurred by Plaintiff's outside counsel Schiff Hardin LLP ("Schiff"). The Motion identifies the billing rates for the attorneys that worked on this matter as follows: John Scholnick (partner at Schiff) at $610.00 per hour; Fiona Burke (associate at Schiff) at $440.00 per hour; Myron Shapiro (partner at Rumberger) at $275.00 per hour; and Dorthy G. Negrin (associate at Rumberger) at $220.00 per hour. DE 115 at 2. The Court finds the rates of Rumberger to be reasonable and the Court will decrease the rates charged by Mr. Scholnick and Ms. Burke to prevailing market rates in the Southern District for lawyers of comparable experience. Accordingly, the Court will use a rate of (1) $450 per hour for Mr. Scholnick; and (2) $350 per hour for Ms. Burke. See Blue Water Marine Servs. v. M/Y Natalita, III, 2010 U.S. Dist. LEXIS 30242, at *12-15 (S.D. Fla. Feb. 2, 2010) (finding $425 hourly rate reasonable for an experienced partner); CC-Aventura, Inc. v. Weitz Co., LLC, 2008 U.S. Dist. LEXIS 7214 (S.D. Fla. Jan. 31, 2008) (holding as reasonable eighth-year associate hourly rate of $400 and first-year associate hourly rate of $200); CBS Broadcasting, Inc. v. Browning, 2007 U.S. Dist. LEXIS 75097 (S.D. Fla. Sept. 21, 2007) (holding reasonable partner hourly rates of $350-550, seventh-year associate hourly rate at $375, fourth-year associate hourly rates at $325-350 and second-year associate at $175). The Court finds that such rates are reasonable in light

of the relatively straight-forward issues involved Plaintiff's Motion to Enforce Settlement Agreement.

### 2. *Reasonable Number of Hours Expended on Motion to Enforce*

The Motion seeks reimbursement for 0.2 hours expended by Mr. Scholnick, 3.6 hours expended by Ms. Burke, 0.2 hours expended by Mr. Shapiro and 4.3 hours expended by Ms. Negrin. As noted above, a district court must determine whether the hours expended are reasonable. Again, a fee applicant bears the burden of documenting the appropriate hours expended so that the Court may properly assess the time claimed for each activity. See Hensley, 461 U.S. at 433; Norman, 836 F.2d at 1301. Excessive, redundant or otherwise unnecessary hours should not be included in the calculation. See Barnes, 168 F.3d at 427. Further, "[w]here the documentation of hours is inadequate, the district court may reduce the award accordingly." Hensley, 461 U.S. at 433; accord Powell v. Carey Intern., Inc., 547 F. Supp. 2d 1281, 1294 (S.D. Fla. 2008). The Court finds the hours expended by Plaintiff's counsel to be reasonable.

### 3. *Lodestar Amount*

Multiplying the reasonable hourly rate by the reasonable hours expended, results in a total lodestar amount of $2,351.00 for work performed by Plaintiff's counsel, as detailed below.

| Attorney | Hours | Hourly Rate | Fees |
|---|---|---|---|
| John Scholnick | 0.2 | $450.00 | $90.00 |
| Myron Shapiro | 0.2 | $275.00 | $55.00 |
| Fiona Burke | 3.6 | $350.00 | $1260.00 |
| Dorthy G. Negrin | 4.3 | $220.00 | $946.00 |

Therefore, the Court awards Plaintiff a total amount of $2,351.00 in attorneys' fees.

### III. COSTS

In addition to attorneys' fees, the Motion seeks to recover a total of $5.00 in copying costs. The Court finds such costs to be reasonable and necessary to Plaintiff's Motion to Enforce Settlement Agreement. Accordingly, the Court will award Plaintiff $5.00 in costs.

### IV. CONCLUSION

For the foregoing reasons, it is **ORDERED AND ADJUDGED** that Plaintiff's Verified Motion for Attorneys' Fees and Costs [DE 40] is hereby **GRANTED IN PART**. Plaintiff is awarded a total amount of $2,356.00 for attorneys' fees and costs, which includes attorneys' fees in the amount of $2,351.00 and costs in the amount of $5.00. A Judgment awarding these fees and costs will be entered by separate Order.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, on this 4th day of May, 2010.

JAMES I. COHN
UNITED STATES DISTRICT JUDGE

Copies provided to:

Counsel of record via CM/ECF